IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. MARK A. SHULTZ

**Appeal from the Circuit Court for Sevier County**
**No. 7031     Rex Henry Ogle, Judge**

---

**No. E2000-02013-CCA-R3-CD**
**August 20, 2001**

---

The state appeals the trial court's dismissal of its prosecution of the defendant, Mark A. Shultz, for driving under the influence of an intoxicant (DUI). It contends that the trial court's conclusion that the case had been left unresolved too long could not lawfully justify dismissal. We reverse the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Glen C. Watson, Assistant Attorney General; Alfred C. Schmutzer, Jr., District Attorney General; and Charles E. Atchley, Assistant District Attorney General, for the appellant, State of Tennessee.

Joe M. Felknor, Knoxville, Tennessee, for the appellee, Mark A. Shultz.

### OPINION

By presentment, the defendant was charged on October 6, 1997, with DUI. The presentment alleges that the offense occurred on September 8, 1996. It also alleges that the defendant was charged by warrant on that date but that the warrant was dismissed on July 18, 1997. On July 21, 1998, the defendant moved to dismiss the presentment because of the lack of a speedy trial and the expiration of the statute of limitations. The hearing on the motions occurred on July 19, 2000.

At the hearing, no proof was taken. Instead, counsel for the parties made factual assertions. Defense counsel asserted that the arresting officer failed to appear numerous times in the Trial Justice Court and that the "Docket" noted that the officer failed to appear at the time the warrant was dismissed. He argued that, in effect, the prosecution never commenced and that the one-year statute of limitations was not tolled by its filing. The state asserted that the case had been set for trial on

August 18, 1998, and then March 31, 1999, but had been continued both times at the request of the defense. Although the defendant's motion to dismiss the case for lack of a speedy trial alleged that material witnesses once available to him had left the jurisdiction and their whereabouts were unknown, no assertions, much less evidence, were proffered at the hearing regarding the nature of the witnesses' testimony.

The trial court appeared focused upon the length of time that the case had remained unresolved since the arrest. Although it discussed dismissing the case because of the failure of the officer to appear on the date of the hearing, the state asserted that the case was taken off the trial docket and that only the motions were to be heard. It asserted that the officer was not needed for the motions. Thus, the trial court simply stated that the case needed to be laid to rest and dismissed the case.

The state asserts that no grounds exist in the record to support a dismissal of the case. The defendant attacks what we perceive to be factual and argument minutiae in the state's brief, as if to focus our attention on the trees instead of the forest. The gist of his argument, though, is that the record on appeal does not support the state's claim of a valid, timely prosecution.

Without the trial court taking any evidence, we see no basis in the record to support granting either of the defendant's motions to dismiss. In fact, the nature of the trial court's dismissal indicates that it was more likely based upon a failure to prosecute rationale. However, again, the record does not contain any material evidence that would justify such a result. In fact, the record indicates the contrary. The state filed its discovery response and motion for discovery from the defendant in July 1998. The case was set for trial on August 18, 1998, and then on March 31, 1999, but was continued both times at the defendant's request. Thus, we conclude that no justification exists in the record for a dismissal of the prosecution.

In consideration of the foregoing and the record on appeal, we reverse the trial court and remand the case for further proceedings.

_____
JOSEPH M. TIPTON, JUDGE